UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-234-JAM |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STRIKE** |
| HUNG CAO NGUYEN, NATHAN v, HOFFMAN, et. al. | |
| Defendants. | |

Pending before the Court are defendant Hung C. Nguyen's ("Nguyen") four motions to dismiss (Doc. ## 21-24) and one motion to strike the United States of America's ("Government") oppositions to the motions (Doc. #32). Defendants Nathan Hoffman ("Hoffman"), Steven Marcus, and Brook Murphy ("Murphy") have joined in Nguyen's motions (Doc. ## 26, 27, 39). Defendants' motions contain creative policy arguments that are legally unpersuasive. For the reasons stated below, the Court denies each motion to dismiss and the motion to strike.[1]

---

[1] These motions were determined to be suitable for decision without oral argument (Doc. #38). The hearing was scheduled for July 12, 2016.

1

I.   OPINION

A.   <u>Equal Protection Motion to Dismiss (Doc. #21)</u>

Defendants first move to dismiss the indictment for two alleged violations of the Fifth Amendment's Equal Protection clause. First, Defendants argue that there is no rational basis for classifying marijuana as a Schedule I drug as it is currently scheduled in what is commonly referred to as the Controlled Substances Act, 21 U.S.C. §§ 801-971 ("CSA"). But as the Government points out, nearly every court that has considered this argument has concluded that there is in fact a rational basis for marijuana's classification. <u>Sacramento Nonprofit Collective v. Holder</u>, 552 F. App'x 680, 683 (9th Cir. 2014); <u>United States v. Pickard</u>, 100 F. Supp. 3d 981, 1008 (E.D. Cal. 2015) ("[t]he continuing questions about marijuana and its effects make the classification rational."). The Court therefore follows the overwhelming authority cited by the Government. Opp. at 4-5 (Doc. #29)

Second, Defendants argue that the U.S. Department of Justice ("DOJ") selectively prosecutes marijuana violations of the CSA, thereby violating the Equal Protection Clause. But the DOJ guidance on this issue "does not treat individuals living in states where marijuana has been decriminalized in whole or part differently from those who live in states where it has not, [and so] there is no violation of defendants' equal protection rights." <u>Pickard</u>, 100 F. Supp. 3d at 1010. Additionally, the Government has broad discretion over whom to prosecute and to prove a selective-prosecution claim, the defendant must demonstrate that the prosecution was motivated by a

2

discriminatory purpose.  Wayte v. United States, 470 U.S. 598, 607-608 (1985).  Defendants have no evidence that the prosecution in this case was motivated by such a purpose.

For these reasons, the Court denies Defendants' first motion to dismiss the indictment for alleged violations of the Equal Protection Clause.

### B.   Appropriations Act Motion to Dismiss (Doc. #22)

Defendants next move to dismiss the indictment by arguing that Section 542 of the Appropriations Act of 2016 bars the expenditure of federal funds for prosecuting cases such as this one.  Section 542 bars the DOJ from expending funds to prevent California from "implementing [its] own laws that authorize the use, distribution, possession, or cultivation of medical marijuana."  But the language in Section 542 does not preclude the prosecution of this case under the CSA.  See, e.g., United States v. Chavez, 2016 WL 916324, at *1 (E.D. Cal. Mar. 10, 2016) ("the appropriations acts concern funding, and did not repeal or amend federal laws criminalizing the possession of marijuana"); United States v. Tote, 2015 WL 3732010, at *2 (E.D. Cal. June 12, 2015) ("If Congress intended to legalize the possession of marijuana under federal law, they could have repealed or amended the Controlled Substances Act to accomplish that goal in a straightforward manner.").  Since the CSA remains in effect, the Government may prosecute its violations.  Defendants' motion to dismiss the indictment for violations of Section 542 of the 2016 Appropriations Act is denied.

### C.   Commerce Clause Motion to Dismiss (Doc. #23)

In their third motion to dismiss, Defendants argue that the

indictment should be dismissed because recent changes to California law regarding medical marijuana use "foreclose the argument that Congress' Commerce Clause authority includes the power to prohibit local cultivation and use of marijuana" under California law.  Reply at 2 (Doc. #36).  The U.S. Supreme Court ruled in <u>Gonzales v. Raich</u>, 545 U.S. 1 (2005), that Congress has the authority under the Commerce Clause to regulate the intrastate cultivation and possession of marijuana for personal use.  Defendants now argue that <u>Raich</u> is inapplicable because the medicinal marijuana regime in California has mitigated the concerns in <u>Raich</u> that local consumption of marijuana would have an interstate effect.  But <u>Raich</u> still permits the federal government to prosecute the intrastate cultivation and possession of marijuana under the CSA.  <u>Raich</u>, 545 U.S. at 2 ("the regulation [of marijuana] is squarely within Congress' commerce power because production of the commodity meant for home consumption . . . has a substantial effect on supply and demand in the national market for that commodity.").  As the Government points out, "[t]he subsequent passage of legislation by the California Legislature has no effect on the Supreme Court's binding interpretation of Congress's Commerce Clause power and ability to regulate marijuana through the CSA."  Opp. at 3 (Doc. #31).  The binding <u>Raich</u> precedent therefore forecloses Defendants' argument that their prosecution violates the Commerce Clause.  <u>Sacramento Nonprofit Collective v. Holder</u>, 855 F. Supp. 2d 1100, 1106 (E.D. Cal. 2012), aff'd, 552 F. App'x 680 (9th Cir. 2014) (finding that Plaintiffs' claim that enforcing the CSA violated the Commerce Clause "is foreclosed by

United States Supreme Court precedent and is dismissed."). Defendants' motion to dismiss the indictment because it violates the Commerce Clause is denied.

    D.   <u>Ninth and Tenth Amendments Motion to Dismiss (Doc. #24)</u>

Lastly, Defendants argue that the indictment should be dismissed for violations of the Ninth and Tenth Amendments to the Constitution. These arguments already have been rejected by other courts. <u>Sacramento Nonprofit Collective</u>, 855 F. Supp. 2d, at 1109 (dismissing a Ninth Amendment claim because "the CSA's categorical prohibition of the possession, manufacturing, and distribution of marijuana does not exceed Congress' authority under the Commerce Clause, [so] Plaintiffs do not have a viable Ninth Amendment claim"); <u>Raich v. Gonzales</u>, 500 F.3d 850, 867 (9th Cir. 2007) (upholding the denial of a preliminary injunction because plaintiff was unlikely to prevail on her Tenth Amendment claim because "after <u>Gonzales v. Raich</u>, it would seem that there can be no Tenth Amendment violation in this case"). And since the Commerce Clause grants the federal government the power to regulate intrastate marijuana activity, Defendants cannot assert that the Ninth or Tenth Amendments reserve the right to regulate marijuana for the states. <u>United States v. Jones</u>, 231 F.3d 508, 515 (9th Cir. 2000) ("if Congress acts under one of its enumerated powers, there can be no violation of the Tenth Amendment."). Thus, the Court denies Defendants' motion to dismiss the indictment for alleged violations of the Ninth and Tenth Amendments.

E.   Motion to Strike

Defendants move to strike all four of the Government's oppositions (Doc. ## 28-31), to Defendants' motions to dismiss, arguing that Section 542 of the Appropriations Act of 2016 bars the expenditure of federal funds for prosecuting cases such as this one.  As discussed in Section I(B) above, Section 542 does not preclude prosecution of this case under the CSA.  The Court therefore denies the motion to strike the Government's properly filed oppositions.

II.   ORDER

For the reasons set forth above, the Court DENIES Defendants' four Motions to Dismiss (Doc. ## 21-24) and Defendants' Motion to Strike (Doc. #32).

A status conference is set for July 19, 2016 at 9:15 a.m. in Courtroom 6 of this Court.

IT IS SO ORDERED.

Dated: July 13, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

6