UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATHAN HOFFMAN,<br><br>　　　　Defendant. | NO. 2:15-cr-00234-JAM-1<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR 12-MONTHS RECOMMENDATION OF RESIDENTIAL RE-ENTRY CENTER |

Before the court is Defendant Nathan Hoffman's ("Defendant") Motion For 12-Months Recommendation of Residential Re-Entry Center. Mot., ECF No. 190. The United States ("Government") opposes Defendant's Motion. Opp'n, ECF No. 191. For the reasons stated below, the Court GRANTS Defendant's Motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On January 18, 2017, Defendant plead guilty to the manufacture of at least 50 marijuana plants, 21 U.S.C. § 841(a)(1). Mins., ECF No. 62. The Court sentenced Defendant to 48 months of imprisonment and 24 months of supervised release on October 24, 2017. J., ECF No. 139. Defendant currently resides at the Federal Correctional Institution in Morgantown,

West Virginia and is scheduled for release on May 31, 2020. Mot. at 3.

Defendant filed the instant motion on December 3, 2018. Id. In the motion, Defendant seeks a non-binding recommendation from the Court that he be placed in a Residential Re-entry Center ("RRC")/Halfway House near Los Angeles for the final twelve (12) months of his sentence, pursuant to the Second Chance Act of 2007, 18 U.S.C. § 3624. Mot. at 1-3. On December 14, 2018, the Government filed an opposition brief, arguing that the Court lacks jurisdiction to consider Defendant's motion under Federal Rules of Criminal Procedure 35 and 36. Opp'n at 2-5.

## II. DISCUSSION

The Bureau of Prisons ("BOP") has the statutory authority to designate the place of Defendant's imprisonment. 18 U.S.C. § 3621(b); Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008) ("Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment."). The BOP is required to consider the following factors, among others:

(4) any statement by the court that imposed the sentence—
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate.

18 U.S.C. § 3621(b). Under this factor, the recommendations of a sentencing court are given non-binding weight. See id.

Defendant acknowledges that the Court lacks the authority to modify his sentence, but argues that a non-binding recommendation to the BOP to change the location of his incarceration is not a

sentence modification. Mot. at 3. In support of his motion, Defendant provides a list of the BOP programs and courses that he has completed or is in the process of completing: Residential Drug Abuse Program, Advanced Computer Training Class, Tutor Training, Personal Finance and Real Estate Classes, and the Inmate Companion Suicide Prevention Program. Id. at 3-5. Defendant further argues that a RRC will reduce the potential for recidivism by providing community-based rehabilitation and reintegration, including the family support he needs to avoid relapse into drug addiction. Id. at 4. Finally, Defendant notes that he expressed remorse and contrition about the commission of his offense and accepted responsibility for his actions. Id.

This Court is not the first district court to consider the question of whether a district court may issue recommendations regarding RRC placement on a Defendant's post-sentencing motion. See Carter v. United States, No. 14-CR-150, 2018 WL 2376513, at *2-3 (E.D. Wis. May 24, 2018) (collecting cases). Circuit courts have yet to provide binding guidance on this question. The Ninth Circuit previously noted that district courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time—including but not limited to—during the sentencing colloquy." United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (dismissing an appeal of a denied stipulation to revise a judgment and sentencing memorandum to include a recommendation based on lack of jurisdiction). The panel in Ceballos held that a recommendation to the BOP is not part of a sentence and cannot be appealed. Id. at 856. More recently, the Fourth Circuit acknowledged that a question exists

as to whether sentencing courts have the authority to make post-sentencing judicial recommendations for placement under the Second Chance Act. United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018) (assuming, without deciding, that sentencing courts have the authority to make post-sentencing recommendations).

The district courts that have considered this question have come to different conclusions. See United States v. Ferguson, No. 6:16-CR-00707-JMC-8, 2018 WL 5095149, at *2 (D.S.C. Oct. 19, 2018) (noting the split and granting a post-sentencing motion for a recommendation). Some courts have taken the Government's position that they lack authority to make recommendations to the BOP after sentencing. See Carter, 2018 WL 2376513, at *2 (listing four cases). More courts, however, have determined that the issuance of non-binding recommendations to the BOP is separate and apart from the judgment, and thus does not constitute an amendment or modification of sentence for which the court may lack jurisdiction. Id. (joining seven listed cases that found a sentencing court may make post-sentencing recommendations).

Within the Eastern District of California, there are at least four cases where the court found authority to issue post-sentence recommendations. See, e.g., United States v. Buckley, No. 2:13-CR-00125-TLN, 2018 WL 6067437 (E.D. Cal. Nov. 20, 2018) (stating the Government did not provide a response); United States v. Costa, No. 1:11-CR-0026-LJO-SAB, 2018 WL 1418352 (E.D. Cal. Mar. 22, 2018) (disagreeing with the Government's opposition argument regarding exhaustion requirements); United States v.

4

Collins, No. 2:15-CR-00176-7-TLN, 2018 WL 1157508 (E.D. Cal. Mar. 5, 2018) (stating the Government did not oppose the recommendation); United States v. Bhamani, No. 2:10-CR-00327-TLN, 2017 WL 2992455, at *2 (E.D. Cal. July 14, 2017) (stating the Government did not respond to the motion).

This Court agrees with the majority position on this question and finds that the Court may issue a non-binding recommendation that Defendant be placed in a RRC without running afoul of the limitations on sentence modification contained in 18 U.S.C. § 3582 and Federal Rules of Criminal Procedure 35 and 36. See Ferguson, 2018 WL 5095149, at *3. The language of 18 U.S.C. § 3621(b) does not contain a temporal restriction regarding when the sentencing court may make recommendations and this Court is persuaded by Defendant's motion that a recommendation would further the aims of the Second Chance Act under the present facts.

Accordingly, the Court hereby recommends to the BOP that Defendant serve the final twelve (12) months of his sentence at a RRC or Halfway House in the Los Angeles area.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion.

IT IS SO ORDERED.

Dated: December 19, 2018.

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE